UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HAROLD KALTER and MARILYN KALTER,

                    Plaintiffs,   **MEMORANDUM OF**
            v.   **DECISION AND ORDER**
                                                                      14-CV-1115 (ADS) (WDW)
HARTFORD INSURANCE COMPANY OF THE
MIDWEST,

                    Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Goldberg Segalla LLP**
*Attorneys for the Defendant*
100 Garden City Plaza, Suite 225
Garden City, NY 11530
    By:  Kenneth R. Lange, Esq., of Counsel

**NO APPEARANCE:**

Harold Kalter
Marilyn Kalter

**SPATT, District Judge.**

       On January 24, 2014, the Plaintiffs Harold Kalter and Marilyn Kalter (the "Plaintiffs"), commenced this action against the Defendant Hartford Insurance Company of the Midwest (the "Defendant") in Supreme Court of the State of New York, County of Nassau. The Plaintiffs asserted claims for breach of contract, breach of the duty of good faith and violations of New York State insurance laws in connection with the Defendant's alleged failure to provide insurance coverage under the Plaintiffs' homeowners' insurance policy for damage that the Plaintiffs claim occurred to their property on or about March 23, 2013.

On February 20, 2014, the Defendant removed the Plaintiffs' lawsuit to this Court on the ground that complete diversity of citizenship existed between the parties. One week later, on February 27, 2014, the Defendant filed a motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the Plaintiffs' breach of the duty of good faith cause of action. This motion is presently before the Court. To date, the Plaintiffs have not appeared in this action since it was removed from state court by the Defendant and have not opposed the motion.

For the reasons that follow, the Court grants the Defendant's motion. The Court also, sua sponte, dismisses the Plaintiffs' other two causes of action without prejudice.

## I. BACKGROUND

Unless otherwise stated, the Court draws the following facts from the Plaintiffs' Complaint and construes them in a light most favorable to the Plaintiffs. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

The Plaintiffs reside in and own a home located at 1045 Linden Street, Valley Stream, New York. The Defendant is an insurance company which is licensed to underwrite policies of insurance in the State of New York. On or before December 15, 2012, the Plaintiffs applied to the Defendant for a homeowners' policy of insurance for their Valley Stream property. About that time, the Defendant underwrote and issued a homeowners' insurance policy to the Plaintiffs (the "Policy"). The Policy provided coverage for the dwelling, premises, property, personal property, real estate, home and/or structures located at the 1045 Linden Street address. The Policy was effective from December 15, 2012 through December 15, 2013, and the Plaintiffs paid all requisite

premiums; provided all requisite information; and complied with all the requests and requirements of the Defendant.

The Plaintiffs claim that on or about March 23, 2013, they sustained damage and incurred losses to the dwelling, premises, property, real estate, home and/or structures located at the 1045 Linden Street address in Valley Stream. They further claim that the damages and losses were covered by the Policy. The Plaintiffs provide no further details with respect to the nature of the occurrence that caused their Valley Stream property to sustain damage and incur losses, nor do they explain the type of damages or losses they experienced.

According to the Plaintiffs, on or about "March 25, 3103 [sic]" they made a timely claim for benefits under the Policy. (Compl., ¶¶ 62, 63.) The Court assumes for the purpose of resolving this Complaint that the Plaintiffs meant to state that they made their claim on March 25, 2013. (Compl., ¶¶ 62, 63.) In any event, the Defendant apparently refused to acknowledge the March 23, 2013 occurrence and the Plaintiffs' March 25, 2013 claim. In this regard, as the Plaintiffs put it, the Defendant "refused to adjust the occurrence and claim"; "failed to honor its duties and obligations"; "breached the terms, conditions and obligations of . . . the Policy[ ] regarding the occurrence and claim"; and "failed to pay the claim asserted, presented and made by the Plaintiff[s]." (Compl., ¶¶ 69, 71, 75, 77.) Additional specifics are absent from the Plaintiffs' Complaint, except that the Plaintiffs allege that the Defendant's purported conduct has caused them to suffer damages in the amount of $226,094.63.

## II. DISCUSSION

### A. Legal Standard Under Fed. R. Civ. P. 12(b)(6)

It is well-established that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In this regard, when deciding a motion to dismiss, a court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Iqbal, 556 U.S. at 678; Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007).

As such, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679. However, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir.2009) (quoting Iqbal, 556 U.S. at 678). Further, in its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in [a] plaintiff['s] possession or of which [a] plaintiff[ ] had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir.1993).

Of importance, the Court notes that "[i]n deciding an unopposed motion to dismiss," as the Court does here, "a court is to 'assume the truth of a pleading's factual

allegations and test only its legal sufficiency. . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" Thomas v. Colletti, 13-CV-04827 NSR, 2014 WL 1329947, at *2 (S.D.N.Y. Mar. 28, 2014) (quoting Haas v. Commerce Bank, 497 F.Supp.2d 563, 564 (S.D.N.Y .2007) (in turn, quoting McCall v. Pataki, 232 F.3d 322 (2d Cir. 2000))).

**B. As to Whether the Plaintiffs' Have Stated a Claim for Breach of the Duty of Good Faith Under New York State Law**

In its motion to dismiss, the Defendant only challenges the Plaintiffs' second cause of action alleging the Defendant breached the duty of good faith under New York State law. "New York law implies a covenant of good faith and fair dealing 'pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" Fellows v. CitiMortgage, Inc., 710 F. Supp. 2d 385, 407 (S.D.N.Y. 2010) (quoting Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 407 (2d Cir. 2006)). In this regard, "[t]he covenant 'can only impose an obligation consistent with other mutually agreed upon terms in the contract. It does not add to the contract a substantive provision not included by the parties.'" Id. (quoting Broder v. Cablevision Sys. Corp., 418 F.3d 187, 198–99 (2d Cir.2005)).

However, "New York law does not [ ] recognize a separate cause of action for breach of the implied covenant of good faith and a breach of contract on the same facts." Id. (citing New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 639 N.Y.S.2d 283, 662 N.E.2d 763, 770 (1995)); see also Goldmark, Inc. v. Catlin Syndicate Ltd., 09-CV-

5

3876 RRM RER, 2011 WL 743568, at *4 (E.D.N.Y. Feb. 24, 2011) ("The New York Court of Appeals has recognized that implicit in contracts of insurance is a covenant of good faith and fair dealing, such that a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims.  Consequently, New York generally does not recognize a damages claim for bad faith denial of coverage because such claims would be duplicative of a claim sounding in breach of contract.") (citations and internal quotation marks omitted) (collecting cases); A.J. Sheepskin Leather & Outerwear, Inc. v. USF Ins. Co., 03 CIV. 2382 (LAP), 2004 WL 503727, at *2 (S.D.N.Y. Mar. 12, 2004) ("New York law 'does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.'") (quoting Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002)) (collecting cases).  In other words, "the relief sought by a plaintiff on an implied covenant of good faith and fair dealing claim is intrinsically tied to the damages allegedly resulting from the breach of contract, and thus, there is no separate and distinct wrong that would give rise to an independent claim." A.J. Sheepskin Leather & Outerwear, Inc., 2004 WL 503727, at *2 (citations and internal quotation marks omitted).

In this case, the Plaintiffs bring both a breach of contract claim and breach of the duty of good faith claim based on the same underlying facts.  Since the Plaintiffs' "allegations are duplicative of those underlying [their] breach of contract claim . . . [t]he allegations in the [ ] [C]omplaint are therefore inadequate to rise to a plausible claim that [the Defendant] violated the implied covenant [of good faith]." Fellows, 710 F. Supp. 2d at 407.  Therefore, the Court dismisses the cause of action for breach of the duty of good

faithpursuant to Fed. R. Civ. P. 12(b)(6). See Kurzdorfer v. GEICO Gen. Ins. Co., 12-CV-781-A, 2013 WL 434186, at *2 (W.D.N.Y. Feb. 4, 2013) ("[The] [p]laintiff[']s third and fourth claims fail to state a cause of action simply because [the] plaintiff alleges no facts to support a cause of action for extra-contractual bad faith distinct from the facts underlying his breach of contract causes of action. The claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).").

**C. As to the Plaintiffs' Remaining Claims**

Although the Defendant does not challenge the Plaintiffs' other two causes of action – that is, for breach of contract and for violations of New York State insurance laws – the Court nonetheless finds that these claims do not comply with the Fed. R. Civ. P. 8 pleading requirements that (1) a complaint should include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), and (2) "[e]ach averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e)(1). In this regard, the "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Thus, "[w]hen a complaint fails to comply with these requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

Some courts have found that dismissal is appropriate for "[c]omplaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim [because they] do not comport with [Rule 8's] goals and this system." Infanti v. Scharpf, No. 06 CV 6552(ILG), 2008 WL

7

2397607, at *1 (E.D.N.Y. June 10, 2008) (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y.1972)). However, the Second Circuit has cautioned that dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons, 49 F.3d at 86–87 (quoting Salahuddin, 861 F.2d at 42).

In this case, the Plaintiffs' Complaint contains only broad, vague and generalized allegations. For example, the Plaintiffs provide no details as to specific dates; the nature of the occurrence that caused them to sustain property damage and/or losses; or what kind of property damage or losses they experienced. Also absent from the Complaint is any statement by the Plaintiffs as to the precise provisions of New York State insurance laws the Defendant allegedly violated. In addition, the Complaint contains paragraphs that are repetitive of one another.

Accordingly, the Court, sua sponte, dismisses these claims without prejudice. See, e.g., Zorn v. Vermont, 1:11-CV-221-JGM, 2011 WL 4748255, at *3 (D. Vt. Oct. 6, 2011) ("Pleadings are to give fair notice of a claim and 'the grounds upon which it rests' in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. When a complaint fails to comply with this rule, the district court may dismiss it sua sponte.") (citations and internal quotation marks omitted); Johnson v. James, 08CIV.00032PAC, 2009 WL 777861, at *4 (S.D.N.Y. Mar. 25, 2009) aff'd, 364 F. App'x 704 (2d Cir. 2010) ("[The plaintiff's] [c]omplaint fails at the pleading stage because it only contains a 'litany of vague and conclusory allegations whose relevance to the asserted claims is uncertain.'") (quoting Martin Luther King Jr. H.S. Parents v. N.Y. City Dep't of Educ., 02 Civ. 1689(MBM), 2004 WL 1656598, at *5 (S.D.N.Y. July 23,

2004), <u>vacated and remanded on other grounds by</u> <u>Blakely v. Wells</u>, 209 F. App'x 18 (2d Cir. 2006)).

The Court directs the Plaintiffs to file an amended complaint in accordance with the Fed. R. Civ. P. 8 pleading standard within thirty days of the date of this Order. If the Plaintiffs fail to do so, the Court will dismiss this case in its entirety with prejudice.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Fed. R. Civ. P. 12(b) motion by the Defendant to dismiss the Plaintiffs' second cause of action alleging breach of the duty of good faith is granted; and it is further

**ORDERED** that the Court, <u>sua sponte</u> and pursuant to Fed. R. Civ. P. 12(b)(6), dismisses without prejudice the Plaintiffs' first and third causes action alleging breach of contract and violations of New York State insurance laws respectively. The Plaintiffs are directed to refile an amended complaint in compliance with Fed. R. Civ. P. 8 within thirty days of the date of this Order. Should the Plaintiffs fail to file an amended complaint, the Court will dismiss this case in its entirety with prejudice; and it is further

**ORDERED** that since the Plaintiffs have not appeared in this case after the Defendant removed it from state court, the Defendant is directed to personally serve the Plaintiffs with this Order and to file proof of service onto ECF within one week of the date of this Order.

**SO ORDERED.**
Dated: Central Islip, New York
April 17, 2014

                                          */s/ Arthur D. Spatt*
                                          ARTHUR D. SPATT
                                          United States District Judge